## BALDWIN v. McGRATH et al.

(Supreme Court, Appellate Division, First Department. January 15, 1904.)

1. VENDOR AND PURCHASER—CONDITIONAL CONTRACT—SPECIFIC PERFORMANCE.
   A contract to sell land was on the express condition that, if the vendor should not acquire title from a third party on or before a certain date, it should be void, and a cash payment made at the time of the contract should be returned. On the date named the title was found defective, the vendee refused to accept it, and the vendor refused to extend the time to have it perfected, tendered back the cash payment, and did not accept title from the third party. *Held*, that specific performance could not be enforced against the vendor when the title was thereafter perfected and conveyed to him, time being of the essence of the contract.

¶ 1. See Specific Performance, vol. 44, Cent. Dig. §§ 246, 248.

Appeal from Special Term, New York County.

Action by Clarence D. Baldwin against John J. McGrath, impleaded with Terence McDonnell. From a judgment (83 N. Y. Supp. 582) against defendant McGrath decreeing the specific performance of a contract to sell land in the city of New York, he appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Franklin Pierce, for appellant.
Lucius H. Beers, for respondent.

INGRAHAM, J. On September 12, 1902, the defendant McGrath made a contract with the defendant McDonnell, whereby McDonnell agreed to convey to McGrath certain real estate on Seventy-Fifth street, between First and Second avenues, in said city, at noon on October 1, 1902, at the office of the attorney for McGrath. At the same time McGrath entered into a contract with the plaintiff by which McGrath agreed to convey to the plaintiff the Thirty-Fifth street property which was to be conveyed to him under his contract with McDonnell, to be performed at the same time and place as was the contract between McGrath and McDonnell. The plaintiff paid $500 on account of the purchase price on the execution of this contract. By this contract the defendant McGrath, in consideration of $8,000, agreed, upon the condition thereafter expressed, to sell and convey to the plaintiff the real property therein described. The condition was that:

"This contract is made upon the condition that the said party of the first part [McGrath] shall receive the title to said premises on or before the first day of October, one thousand nine hundred and two, and if he fails to receive such title by that date, then this contract shall become null and void, and the said party of the first part in that event agrees to return the said sum of five hundred dollars to the said party of the second part [plaintiff]."

On the 1st of October the parties to these two contracts met at the time and place specified, the plaintiff being represented by his attorney. The defendant McGrath was present with his attorney, and McDonnell was present with his attorney. McGrath's attorney then handed to the plaintiff's attorney a paper containing a list of objections to McDonnell's title to the property which he had received from one of the title companies. Upon the receipt of these objections the attorney who then represented the plaintiff stated that these objections could be cured, and that he thought possibly one week's time would be sufficient to clear the title up. After some discussion, McGrath said that he would not give a week, nor a day, nor one hour's extension; he wanted to close then. The attorney who represented plaintiff testified that plaintiff was ready to take title if it was a perfect title, but he determined it was not a perfect title; and Mr. Kershoedt testified that plaintiff's attorney said he would not pass title in the face of the objections, and wanted an adjournment. McGrath then said he wanted to return the $500 that had been paid by plaintiff upon the execution of the contract, in reply to which the plaintiff's attorney said that he advised the plaintiff not to accept,

whereupon the plaintiff and his attorney left the office. The objections to the title were subsequently overcome, so that the defendant McGrath took title to the property on the 14th day of October. Upon this evidence the court below gave judgment requiring the defendant McGrath to specifically perform this contract and convey the property to the plaintiff upon payment of the balance of the amount required by the contract to be paid, and from that judgment McGrath appeals.

The question presented is as to the effect to be given to this clause of the contract to which attention has been called, for it seems to be conceded that, if that clause had not been in the contract, the plaintiff would be entitled to a decree of specific performance. This provision was evidently put in the contract to protect McGrath, so that if for any reason McDonnell failed to comply with his contract McGrath should only be responsible for a return of the money paid. McGrath's agreement to convey was upon the condition that he should receive title to the premises on or before October 1, 1902, and it was expressly agreed that, if he failed to receive title by that date, the contract should become null and void. McGrath did not receive title on or before October 1, 1902, and thus, by the express terms of the contract, it became null and void. McGrath was undoubtedly bound to act in good faith. He could not arbitrarily refuse to accept title to the property from McDonnell on the 1st of October, repudiate his contract with the plaintiff, subsequently accept a conveyance from McDonnell, and repudiate his obligation to convey to the plaintiff. McGrath was bound to accept title to the property from McDonnell if McDonnell was ready and willing to convey, and to convey it to the plaintiff if plaintiff was willing to accept the title that McDonnell was able to convey. Now, on the day when the parties met to complete this contract the plaintiff was there ready to complete. McGrath's attorney then presented certain objections to the title. Plaintiff's representative refused to accept a conveyance in the face of these objections, and this refusal certainly justified McGrath, as between him and the plaintiff, in refusing to accept a conveyance from McDonnell. Plaintiff requested an adjournment, but McGrath was under no obligation to adjourn the closing of the contract. By the express agreement between the parties the contract was to be null and void if McGrath should not receive title on or before October 1st, and in that event his obligation was at an end. While he was bound to act in good faith, and accept a marketable title if tendered to him by McDonnell, he was not bound to accept a title that plaintiff would not accept as a compliance with the contract. The objections to McDonnell's title to the premises are not printed in the record, and we cannot say that they were not substantial, as plaintiff's attorney refused to pass the title in the face of these objections. This provision was undoubtedly inserted in the contract for McGrath's protection. He could waive it, but he also could insist upon it. He did insist upon it, tendered back the consideration that he had received, and thus under the express provision of the contract it was "null and void." The parties had expressly provided

what would be the effect of such a condition, and, in the absence of bad faith on McGrath's part—of which there is no allegation or proof—I can see no reason why this provision should not be given effect. The parties had made time the essence of the contract, and when it became "null and void" by its express conditions the equitable interest that plaintiff had acquired in the property was divested, and plaintiff had no further interest except his right to the $500 which he had paid upon the execution of the contract.

It follows that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide event.

VAN BRUNT, P. J., and PATTERSON and HATCH, JJ., concur.

LAUGHLIN, J. I concur with Mr. Justice INGRAHAM. On the day specified for performance the appellant had not acquired title from McDonnell. There were certain defects in McDonnell's title, which the attorney for the appellant considered rendered the title unmarketable. These defects were discussed in the presence of the attorney for the plaintiff, who agreed that the title was defective; and the attorney for the appellant, in his presence, refused to take the title. Neither the plaintiff nor his attorney offered to take the title from the appellant in the condition it then was without these defects being removed, or to take an assignment of his interest in the contract with McDonnell. By the agreement between the plaintiff and the appellant the latter was to give a full covenant warranty deed. The attorney for the plaintiff suggested an extension of time for performance with a view to having the title perfected; but the appellant and his attorney refused to consent to an adjournment beyond the time specified for performance. There is no evidence that the appellant was guilty of negligence or was in any manner responsible for the title not being perfected at the time specified for performance. It is not disputed that the title at that time was not marketable. The attorney for the appellant tendered to the plaintiff's attorney the down payment that had been made to apply on the contract, but it was not accepted. The plaintiff then brought this action upon the theory that time was not of the essence of the contract, and he joined McDonnell as a party defendant, and demanded that he specifically perform his contract with appellant. During the pendency of the action the title was perfected, and the premises were conveyed to appellant by McDonnell. The plaintiff then served a supplemental complaint, alleging such subsequent perfection of title and performance by McDonnell.

I am of opinion that by virtue of the provision of the contract quoted time was made the essence of the contract. The plaintiff would not have been obliged to accept title after the 1st day of October, 1902. The obligation must be mutual. If the plaintiff could not be compelled to take title subsequently, the appellant cannot be compelled to give title. The plaintiff's willingness or desire to have the matter held open and to take title later cannot alter the legal rights and obligations of the parties. Nor are the plaintiff's rights en-

larged by the fact that appellant subsequently took title from McDonnell which he might have refused. It may be that the appellant was not anxious to have the title perfected, or to perform his contract with the plaintiff, but he stands upon his legal rights, and they are not affected by his motives.

It follows that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

VAN BRUNT, P. J., and HATCH, J., concur.